1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RICHARD E. JACKSON, III,                    CASE NO. 15cv1353-LAB (NLS)

12                              Plaintiff,        **ORDER OF DISMISSAL**

        vs.
13   STATE OF CALIFORNIA,

14                              Defendant.

15

16          This order amends Docket no. 3—the previous order of dismissal in this case.  The

17   clerk is directed replace Docket no. 3 with this order, and vacate the entry of clerk's judgment

18   (Docket no. 4.)

19          Jackson brought this civil rights lawsuit against the State of California pursuant to 42

20   U.S.C. § 1983.  (Docket no. 1.)  Jackson didn't pay the civil filing fees required by 28 U.S.C.

21   § 1914(a) to commence a civil action; instead he has filed a motion to proceed in forma

22   pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Docket no. 2.)

23          The IFP application makes the showing required by 28 U.S.C. § 1915(a)(1). However,

24   a determination that a plaintiff qualifies financially for in forma pauperis status does not

25   complete the inquiry required by the statute.  "A district court may deny leave to proceed in

26   forma pauperis at the outset if it appears from the face of the proposed complaint that the

27   action is frivolous or without merit."  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th

28   Cir.1998) (quotation omitted).

1    The Eleventh Amendment prohibits federal jurisdiction over claims brought against

2  a state and its agencies unless the state consents to suit.  *Pennhurst State School & Hosp.*

3  *v. Halderman*, 465 U.S. 89, 100 (1984).  The State of California is the only defendant that

4  Jackson has named in this case. (Docket no. 1.)  "The State of California has not waived its

5  Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court,

6  and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh

7  Amendment immunity."  *Dittman v. State of California*, 191 F.3d 1020, 1025–26 (9th Cir.

8  1999) (internal citation and quotation marks omitted).  Thus, Jackson can't bring suit against

9  California under § 1983.  *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State

10  agencies . . . are not 'persons 'within the meaning of § 1983, and are therefore not amenable

11  to suit under that statute.").

12    This case is **DISMISSED WITH LEAVE TO AMEND**.  If Jackson thinks he can

13  successfully amend his complaint to name a proper defendant, he must seek leave by ex

14  parte motion no later than August 10, 2015.  His proposed amended complaint must be

15  attached as an exhibit to the motion.

16    **IT IS SO ORDERED**.

17  DATED:  July 3, 2015

18

19    **HONORABLE LARRY ALAN BURNS**
    United States District Judge

20

21

22

23

24

25

26

27

28